IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Plantation at Haywood, | ) | Case No 6:23-cv-05017-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Timaya Jenkins | ) | |
| a/k/a Bey Timaya Jenkins, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon removal of this action from the Gantt Summary Court. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 12, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed and without leave to amend and without issuance and service of process. ECF No. 9. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Defendant filed objections. ECF No. 11.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

This case arises from an eviction action brought in state court. In the notice of removal and in the objections, Defendant refers to various federal laws that are unrelated to the present action. *See* ECF No. 11 at 1–2 ("Because the Express Trust is created by the exercise of the natural right to contract, which cannot be abridged, the agreement, when executed, becomes protected under federally enforceable right of contract law and not under laws passed by several state legislatures."). The Magistrate Judge noted that "the defendant cannot manufacture federal question jurisdiction in the present matter by referencing sections of the United States Code because the Complaint in the Eviction Action, seeking a writ of ejectment for nonpayment of rent, did not reference the United States Code or other federal laws." ECF No. 9 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). The Court agrees and, as this is the only basis for removal, further agrees

with the recommendation of the Magistrate Judge that this Court lacks jurisdiction over the removed action.[1]

After de novo consideration of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** without leave to amend.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 11, 2024
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The Court also agrees with the Magistrate Judge that removal is improper because a final judgment has been entered by the state court and that this action would be subject to dismissal pursuant to the *Rooker-Feldman* Doctrine.

[2] The Court agrees with the Magistrate Judge that this action is frivolous. However, as it appears that this is the first federal action initiated by Defendant, the Court does not feel it is necessary or appropriate to warn Defendant that she may be subject to sanctions for continued frivolous filings in the future.